**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

LONNIE JORDAN, on behalf of himself and a
class of similarly situated individuals,

       Plaintiff,

    v.

MEDICREDIT, INC.,

       Defendant.

Case No. 4:22-cv-00884

**CLASS ACTION COMPLAINT**

Now comes the Plaintiff, Lonnie Jordan, by his undersigned counsel and pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., asserts the following individual and class action claims against Defendant, Medicredit, Inc.:

**I.     Parties, Jurisdiction and Venue**

1.     Lonnie Jordan ("Plaintiff") is a natural person residing in the State of Missouri.

2.     Defendant Medicredit Inc. ("Medicredit" or "Defendant") is a debt collector as this term is defined by Section 1692a(6) of the FDCPA because Defendant regularly mails collection letter and places telephone calls to consumers for the purpose of collecting debts owed to third-party creditors.[1]

3.     Defendant's principle place of business is located in Earth City, Missouri.

---

[1] Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

4.      Plaintiff is a "consumer" as this term is defined by Section 1692a(3) of the FDCPA, because Defendant regards him as a "natural person obligated or allegedly obligated to pay [a] debt" as the term "debt" is defined by Section 1692a(5) of the FDCPA.[2]

5.      The debt that Defendant has attempted to collect from Plaintiff is for medical services.

6.      This Court has subject matter jurisdiction pursuant to Section 227(b)(3) of the TCPA, Section 1692k(c) of the FDCPA and 28 U.S.C. § 1331.

7.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because Defendant is headquartered in this judicial district.

8.      Venue is also proper in this judicial district because Defendant's calls and prerecorded/artificial voices messages were transmitted by Defendant from within in this judicial district.

**II.      Summary of the TCPA**

9.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls.

10.      In relevant part, Section 227(b)(1)(A)(iii) states as follows:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

***

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

---

[2] Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]"

2

common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

### III.    Summary of Defendants' Violations of the TCPA

11.    Plaintiff's cellular number is (816) 372-2523.

12.    Starting in April of 2022, Medicredit placed numerous calls to Plaintiff' cellular telephone number using artificial or prerecorded voice messages when Medicredit attempted to collect an alleged "debt" as this term is defined by Section 1692a(5) of the FDCPA.

13.    In an attempt to collect this alleged debt, Medicredit placed numerous calls to Plaintiff's cellular telephone number using artificial or prerecorded voice messages *after* Plaintiff told Medicredit to stop calling him.

14.    For example, on more than one occasion in the month of April of 2022, Plaintiff spoke with a representative of Medicredit and told Medicredit to stop calling him.

15.    Medicredit's artificial or prerecorded voice messages informed Plaintiff that Medicredit was a "debt collector" and asked Plaintiff to return Medicredit's call at (800) 823-2318.

16.    Despite Plaintiff telling Medicredit to stop calling him, Medicredit has continued to place dozens of artificial and/or prerecorded voices messages to Plaintiff's cellular telephone number without his consent.

17.    In addition to using artificial and/or prerecorded voices messages to contact Plaintiff, Defendant has placed calls to Plaintiff's cellular telephone number.

18.    Prior to the filing of this civil action, Medicredit's most recent telephone call to Plaintiff's cellular number took place on August 22, 2022, at approximately 8:28 a.m., Central Standard Time.

19.    Prior to the filing of this civil action, Medicredit's most recent pre-recorded and/or

artificial voice message to Plaintiff's cellular number took place on August 18, 2022.

20.     Plaintiff does not have any pre-existing business relationship with Medicredit and he has never provided his cellular telephone number directly to Medicredit.

21.     Medicredit has never had Plaintiff's consent to call his cellular telephone number with artificial or prerecorded voice messages.

22.     Alternatively, Medicredit did not have Plaintiff's consent to call his cellular telephone number with artificial or prerecorded voice messages *after* Plaintiff told Medicredit to stop calling him.

23.     Without Plaintiff's consent, Medicredit has continued to call Plaintiff's to Plaintiff's cellular number in an attempt to collect a medical debt allegedly owed by Plaintiff.

**Count I: Individual Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

24.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

25.     Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling Plaintiff's cellular telephone number with an artificial or prerecorded voice without Plaintiff's consent.

26.     Alternatively, Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling Plaintiff's cellular telephone number with an artificial or prerecorded voice *after* Plaintiffs told Medicredit to stop calling him.

27.     Medicredit's records should be able to identify each artificial or prerecorded voices messages voice message it delivered, or attempted to deliver, to Plaintiff's cellular telephone.

28.     Plaintiff intends to exclude himself from any proposed class action settlement involving the case of *Timothy Miles v. Medicredit, Inc.*, 4:20-cv-01186-JAR (E.D. Mo.) where the proposed class action identified in the Second Amended Complaint is limited to the following

4

class definition:

> All persons and entities throughout the United States (1) to whom Medicredit, Inc. placed, or caused to be placed, at least one call (2) directed to a number assigned to a cellular telephone service, by (3) using an artificial or prerecorded voice, (4) from December 16, 2017 through and including the date of class certification, (5) where the called party did not have an account with Medicredit, Inc.

*Timothy Miles v. Medicredit, Inc*., 4:20-cv-01186-JAR, Dkt. 58, 2nd Amended Complaint, ¶ 47.

29.    A revised proposed "Settlement Class" definition in *Miles v. Medicredit* is defined as follows:

> All persons in the United States who (a) received a call from Medicredit, Inc. between December 16, 2017 and July 7, 2022 on their cellular telephone, (b) with an artificial or prerecorded voice, (c) for which Medicredit, Inc.'s records contain a 'WN' designation and an 'MC' and/or 'MD' notation.

*Miles v. Medicredit*, 4:20-cv-01186-JAR, Dkt. 70, Pl's Memo. of Law in Support of His Unopposed Motion for Preliminary Approval of Class Action Settlement, p. 2.

30.    Plaintiff has suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages. For example, Plaintiff has suffered an invasion of privacy, intrusion into his life, private nuisance.  Further, he was forced to spend time reviewing Defendant's messages and he was forced to spend time trying to cause Medicredit's calls and prerecorded/artificial voice messages to stop.

31.    As a result of Medicredit's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Declaring that Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling Plaintiff with artificial or prerecorded voice messages after Plaintiff told Medicredit to stop calling him;

(b)    Enjoining Medicredit from continuing to call Plaintiff with artificial or prerecorded voice messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

(c)     Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation; and

(d)     Awarding Plaintiff reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Count II: Class Action Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

32.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

33.     Plaintiff brings this action as a class action on behalf of himself and a class of similarly situated individuals action pursuant to Federal Rule of Civil Procedure 23(a) and (b).

34.     Medicredit, as a matter of pattern and practice, has placed calls using artificial or prerecorded voice message to telephone numbers assigned to a cellular telephone service.

35.     As described above, in addition to placing debt collection related calls to Plaintiff's cellular telephone number using an artificial or prerecorded voices messages and taking the above actions *without* Plaintiff's consent, within the past four years, Medicredit has placed hundreds of telephone calls to consumers' cellular telephone numbers using an artificial or prerecorded voices messages for the purpose of attempting to collect debts allegedly owed to Medicredit's clients.

36.     Within the past four years, Medicredit has violated the Section 227(b)(1)(A)(iii) of the TCPA by making calls with artificial or prerecorded voices messages to alleged debtors *after* the alleged debtors told Medicredit to stop calling them.

37.     As alleged in Count I, Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) when it called Plaintiff's cellular telephone number and played or left artificial and/or prerecorded voice messages without Plaintiff's consent.

38.     Medicredit, as a matter of pattern and practice, has called the alleged debtors (the putative Class Members) using an artificial or prerecorded voice to telephone numbers assigned to a cellular telephone service.

39.     Medicredit violated Section 227(b)(1)(A)(iii) of the TCPA when it called alleged debtors (the putative Class Members) with artificial or prerecorded voices messages *without* the consent of the alleged debtors or after the alleged debtors told Medicredit to stop calling them. *See, e.g., Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020) ("The principal question in this case is whether Credit One can escape liability under the TCPA because the party it intended to call (its customer) had given consent to be called, even though the party it actually called had not. Consistent with every circuit to have addressed this issue, we hold that this argument fails under the TCPA's text, most naturally read.").

40.     Based upon the above described conduct and as evidenced by other lawsuits filed against Medicredit, *see, e.g., Timothy Miles v. Medicredit, Inc*., 4:20-cv-01186-JAR (E.D. Mo.), Medicredit, as a matter of pattern and practice, will and has continued to call the cellular telephone numbers of alleged debtors (the putative Class Members) using artificial or prerecorded voice messages despite having been told by alleged debtors to stop calling.

41.     Upon information and belief, the proposed class is so numerous (and over forty persons) that joinder of all members is not practicable.

42.     Putative class members are ascertainable from objective criteria, including, but not limited Medicredit's internal records.

43.      For example, the names and cellular telephone numbers of putative class members can be identified in business records maintained by Medicredit and third parties.

44.     Additionally, as is the case with most debt collectors, Medicredit's records should document when putative class members told Medicredit to stop calling.  See, e.g., *Timothy Miles v. Medicredit, Inc.*, 4:20-cv-01186-JAR, dkt. 34, Medicredit's Answer to Para. 35 of the Amended Complaint ("Medicredit admits that there are certain circumstances in which its dialer records include a 'WN' disposition code.").

45.     Medicredit's records identify when Medicredit obtains telephone numbers of debtors from clients of Medicredit.

46.     Medicredit's records identify when Medicredit obtains telephone numbers of debtors from skip-trace sources.

47.     As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit calls persons with pre-recorded or artificial voice messages.

48.     Similarly, as demonstrated by demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit calls persons with pre-recorded or artificial voice messages.

49.     Further, as demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when persons answering pre-recorded or artificial voice messages based phone calls placed by Medicredit have told Medicredit to stop calling.

50.     Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when persons answering pre-recorded or artificial voice messages based phone calls placed by Medicredit have told Medicredit to stop calling.

51.     As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

52.     Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

53.     As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number with a pre-recorded or artificial voice message - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

54.     Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number with a pre-recorded or artificial voice message - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

55.     Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Medicredit, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

56.     Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Medicredit, without his consent, in violation of 47 U.S.C. § 227.

57.     Class Members have suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages. For example, Class Members have suffered an invasion of

privacy, intrusion into their life, private nuisance.  Class Members were forced to spend time

reviewing Defendant's messages.  Class Members were also forced to spend time trying to cause

Medicredit's calls and prerecorded/artificial voice messages to stop.

58.     As a result of Medicredit's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and

the members of the class are entitled to damages in an amount to be proven at trial.

59.     The proposed class members are defined as follows:

> All persons throughout the United States (1) to whom Medicredit, Inc.
> ("Medicredit") placed, or caused to be placed, at least one call (2) to a number
> assigned to a cellular telephone service, (3) using an artificial or prerecorded
> voice, (4) from August 22, 2018 - through and including the date of class
> certification, (5) where Medicredit's records show that it *continued* to call to
> cellular numbers using artificial or prerecorded voice messages, (6) *after* the
> recipients of these types of messages told Medicredit stop calling.

60.     Alternatively, the proposed class is limited to artificial or prerecorded voice

messages based calls that were placed to consumers' cellular telephone numbers *after* July 7, 2022

to the date of final approval of a class action involving this civil matter.

61.     Excluded from the proposed class are members of the proposed class action set

forth in the case of *Timothy Miles v. Medicredit, Inc*., 4:20-cv-01186-JAR, where the proposed

class action identified in the Second Amended Complaint in *Miles v. Medicredit* is limited to the

following class definition:

> All persons and entities throughout the United States (1) to whom Medicredit,
> Inc. placed, or caused to be placed, at least one call (2) directed to a number
> assigned to a cellular telephone service, by (3) using an artificial or prerecorded
> voice, (4) from December 16, 2017 through and including the date of class
> certification, (5) where the called party did not have an account with
> Medicredit, Inc.

*Timothy Miles v. Medicredit, Inc*., 4:20-cv-01186-JAR, Dkt. 58, 2nd Amended Complaint, ¶ 47.

62.     Alternatively, excluded from the proposed class are members of the proposed class

action set forth in the proposed revised "Settlement Class" definition in *Miles v. Medicredit* which

is defined as follows:

> All persons in the United States who (a) received a call from Medicredit, Inc. between December 16, 2017 and July 7, 2022 on their cellular telephone, (b) with an artificial or prerecorded voice, (c) for which Medicredit, Inc.'s records contain a 'WN' designation and an 'MC' and/or 'MD' notation.

*Miles v. Medicredit*, 4:20-cv-01186-JAR, Dkt. 70, Pl's Memo. of Law in Support of His Unopposed Motion for Preliminary Approval of Class Action Settlement, p. 2.

63.     In summary, to the extent that the revised proposed class definition is certified in the case of *Miles v. Medicredit,* the proposed class in this civil matter would exclude class members who received pre-recorded or artificial voice messages *after* July 7, 2022.

64.     On information and belief, over forty (40) consumers were called by Medicredit with pre-recorded and/or artificial voice messages in violation of Section 227(b)(1)(A)(iii) of the TCPA.

65.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

66.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

67.     There will be little difficulty in the management of this action as a class action.

68.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Medicredit has acted on grounds generally applicable to the class.

69.     Plaintiff will fairly and adequately protect the interests of the members of the class.

70.     Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

71.     Plaintiff has retained experienced consumer/class action counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Declaring that Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii) by calling class members with artificial or prerecorded voice messages after class members told Medicredit to stop calling them;

(b)     Determining that this action is a proper class action and appointing Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(c)     Adjudging that Medicredit violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Medicredit from continuing to place calls using artificial or prerecorded voice messages where members of the proposed class told Medicredit to stop calling them;

(d)     Awarding members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation; and

(e)     Appointing Plaintiff's counsel as class counsel and awarding class counsel reasonable costs, expenses, and attorneys' fees incurred in this action.

**Count III: Individual Violations of Section 1692d of the FDCPA**

72.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

73.     Section 1692d of the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

74.     Medicredit violated Section 1692d by continuing to call Plaintiff's cellular telephone number dozens of times - *after* he told Medicredit to stop calling him.

75.     Plaintiff has suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages.

76.     For example, Plaintiff has suffered an invasion of privacy, intrusion into his life, private nuisance.

77.     Further, he was forced to spend time reviewing Defendant's messages and he was forced to spend time trying to cause Medicredit's calls and prerecorded/artificial voice messages to stop.

78.     As a result of Medicredit's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Declaring that Medicredit violated Section 1692d of the FDCPA by calling Plaintiff with artificial or prerecorded voice messages after Plaintiff told Medicredit to stop calling him;

(b)     Declaring that Medicredit violated Section 1692d of the FDCPA by calling Plaintiff after Plaintiff told Medicredit to stop calling him;

(c)     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

(d)     Awarding Plaintiff reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**Count IV: Individual Violations of Sections 1692d(5) of the FDCPA**

79.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

80.     Section 1692d(5) of the FDCPA prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

81.     Medicredit violated Section 1692d(5) by continuing to call Plaintiff's cellular telephone number dozens of times - *after* he told Medicredit to stop calling him.

82.     Plaintiff has suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages.

83.     For example, Plaintiff has suffered an invasion of privacy, intrusion into his life,

13

private nuisance.

84.     Further, he was forced to spend time reviewing Defendant's messages and he was forced to spend time trying to cause Medicredit's calls and prerecorded/artificial voice messages to stop.

85.     As a result of Medicredit's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(e)     Declaring that Medicredit violated Sections 1692d(5) of the FDCPA by calling Plaintiff with artificial or prerecorded voice messages after Plaintiff told Medicredit to stop calling him;

(f)     Declaring that Medicredit violated Sections 1692d(5) of the FDCPA by calling Plaintiff after Plaintiff told Medicredit to stop calling him;

(g)     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);  and

(h)     Awarding Plaintiff reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**Count V: Individual Violations of Section 1692f of the FDCPA**

86.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

87.     Section 1692f of the FDCPA prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

88.     Medicredit violated Section 1692f by continuing to call Plaintiff's cellular telephone number dozens of times - *after* he told Medicredit to stop calling him.

89.     Plaintiff has suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages.

90.     For example, Plaintiff has suffered an invasion of privacy, intrusion into his life,

14

private nuisance.

91.     Further, he was forced to spend time reviewing Defendant's messages and he was forced to spend time trying to cause Medicredit's calls and prerecorded/artificial voice messages to stop.

92.     As a result of Medicredit's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Declaring that Medicredit violated Section 1692f of the FDCPA by calling Plaintiff with artificial or prerecorded voice messages after Plaintiff told Medicredit to stop calling him;

(b)     Declaring that Medicredit violated Section1692f of the FDCPA by calling Plaintiff after Plaintiff told Medicredit to stop calling him;

(c)     Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);  and

(d)     Awarding Plaintiff reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**Count VI: Class Action Violations of Sections 1692d, d(5) and 1692f of the FDCPA**

81.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-23.

93.     Plaintiff brings this action as a class action on behalf of himself and a class of similarly situated individuals action pursuant to Federal Rule of Civil Procedure 23(a) and (b).

94.     Medicredit, as a matter of pattern and practice, has called putative class members to collect alleged debts using artificial or prerecorded voice message to telephone numbers assigned to a cellular telephone service.

95.     As described above, in addition to placing debt collection related calls to Plaintiff's cellular telephone number using an artificial or prerecorded voices messages and taking the above

actions *without* Plaintiff's consent, within the past year, Medicredit has placed hundreds of telephone calls to consumers' cellular telephone numbers using an artificial or prerecorded voices messages for the purpose of attempting to collect debts allegedly owed by Medicredit's clients.

96.     Section 1692d of the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

97.     Section 1692d(5) of the FDCPA prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

98.     Section 1692f of the FDCPA prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

99.     Medicredit's records identify when Medicredit obtains telephone numbers of debtors from clients of Medicredit.

100.    Medicredit's records identify when Medicredit obtains telephone numbers of debtors from skip-trace sources.

101.    As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit calls persons with pre-recorded or artificial voice messages.

102.    Similarly, as demonstrated by demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit calls persons with pre-recorded or artificial voice messages.

103.    Further, as demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when persons answering pre-recorded or artificial voice messages based phone calls placed by Medicredit have told Medicredit to stop calling.

104.    Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when persons answering pre-recorded or artificial voice messages based phone calls placed by Medicredit have told Medicredit to stop calling.

105.    As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

106.    Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

107.    As demonstrated by discovery produced in *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number with a pre-recorded or artificial voice message - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

108.    Similarly, as demonstrated by the terms of the proposed settlement terms involving *Miles v. Medicredit*, Medicredit's records identify when Medicredit has called a particular telephone number with a pre-recorded or artificial voice message - *after* the recipient of a call associated with a particular telephone number told Medicredit to stop calling.

109.    Within the past year, Medicredit has violated the Section 1692d of the FDCPA by *repeatedly* calling telephone numbers *after* Medicredit's show that a recipient of a call told Medicredit  to stop calling.

110.    Within the past year, Medicredit has violated the Section 1692d(5) of the FDCPA by *repeatedly* calling telephone numbers *after* Medicredit's show that a recipient of a call told Medicredit to stop calling.

111.    Within the past year, Medicredit has violated the Section 1692f of the FDCPA by *repeatedly* calling telephone numbers *after* Medicredit's show that a recipient of a call told Medicredit to stop calling.

112.    Upon information and belief, the proposed class is so numerous (and over forty persons) that joinder of all members is impracticable.

113.    As is the case with most debt collectors, putative class members are ascertainable from objective criteria, including, but not limited Medicredit's internal records.

114.     For example, the names and cellular telephone numbers of putative class members can be identified in business records maintained by Medicredit and third parties.

115.    Additionally, as is the case with most debt collectors, Medicredit's records should document when putative class members told Medicredit to stop calling.  See, e.g., *Timothy Miles v. Medicredit, Inc.*, 4:20-cv-01186-JAR, dkt. 34, Medicredit's Answer to Para. 35 of the Amended Complaint ("Medicredit admits that there are certain circumstances in which its dialer records include a 'WN' disposition code.").

116.    Upon information and belief, Medicredit's internal records may identify when the recipients of debt collection related calls told Medicredit to stop calling them.

117.    Upon information and belief, Medicredit's internal records should identify when Medicredit has called after it was told to stop calling.

118.    Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part

of Medicredit, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

119.    Like Plaintiff, members of the proposed class were called by Medicredit after they told Medicredit to stop calling them.

120.    Class Members have suffered actual harm as a result Medicredit's calls and artificial/prerecorded voice messages. For example, Class Members have suffered an invasion of privacy, intrusion into their life, private nuisance.  Class Members were also forced to spend time answering Defendant's calls and reviewing Defendant's messages.  Class Members were also forced to spend time trying to cause Medicredit's calls and prerecorded/artificial voice messages to stop.

121.    As a result of Medicredit's violations of Sections 1692d, d(5) and 1692f of the FDCPA, Plaintiff and the members of the proposed class are entitled to damages in an amount to be proven at trial.

122.    The proposed Missouri Call Class is defined as follows:

> All persons with Missouri based area codes who were called within the last year by Medicredit, Inc. after Medicredit, Inc. was told to stop calling.

123.    The proposed Nationwide Call Class is defined as follows:

> All persons in the United States who were called within the last year by Medicredit, Inc. after Medicredit, Inc. was told to stop calling.

124.    The proposed Missouri Recorded Message Class is defined as follows:

> All persons with Missouri based area codes who were called within the last year by Medicredit, Inc. where the calls used or played pre-recorded and/or artificial voice messages after Medicredit, Inc. was told to stop calling.

125.    The proposed Nationwide Recorded Message Class is defined as follows:

> All persons in the United States who were called within the last year by Medicredit, Inc. where the calls used or played pre-recorded and/or artificial voice messages after Medicredit, Inc. was told to stop calling.

126.    As set forth above, the proposed classes can be ascertained by Defendant's outbound call records and account notes – where account notes document that Medicredit was told to stop calling.

127.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

128.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

129.    There will be little difficulty in the management of this action as a class action.

130.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Medicredit has acted on grounds generally applicable to the class.

131.    Plaintiff will fairly and adequately protect the interests of the members of the class.

132.    Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

133.    Plaintiff has retained experienced consumer/class action counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Declaring that Medicredit violated Sections 1692d, d(5) and 1692f of the FDCPA by calling putative class members after class members told Medicredit to stop calling them;

(b)    Determining that this action is a proper class action and appointing Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(c)    Awarding members of the class statutory damages pursuant to 1692k(a)(2)(B) of the FDCPA; and

(d)     Appointing Plaintiff's counsel as class counsel and awarding class counsel reasonable costs, expenses, and attorneys' fees incurred in this action.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: 8/23/2022

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com